1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12

13  ANTHONY ALLEN OLIVER,

14                                    Plaintiff,

15          v.

16  CITY OF OCEANSIDE, *et al.*,

17                                    Defendants.

18

Case No. 16-cv-00565-BAS(JLB)

**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE AND FOR COSTS OF SERVICE**

**[ECF No. 29]**

19          Presently before the Court is Plaintiff Anthony Allen Oliver's motion for

20  service by the United States Marshals Service and for costs of service. (ECF No. 29.)

21  For the following reasons, the Court **DENIES** Plaintiff's motion.

22

23  **I.    SERVICE BY UNITED STATES MARSHALS SERVICE**

24          Initially, Plaintiff, who is proceeding *pro se*, requests that the Court order the

25  United States Marshals Service to serve the Summons and Complaint on Defendants.

26  Under Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years

27  old and not a party may serve a summons and complaint." At a plaintiff's request, the

28  court may direct that service be made "by a United States marshal or deputy marshal

or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). If the plaintiff is proceeding in *forma pauperis* or as a seaman, service by the United States Marshals Service is mandatory. *Id.* If the plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the court. *Id.*; *accord Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003).

"In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Bax*, 216 F.R.D. at 4 (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions). "Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax*, 216 F.R.D. at 4. Service by a United States Marshal is also appropriate in circumstances a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace. William W. Schwarzer et al., *Cal. Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 5:83 (The Rutter Group 2014).

Here, Plaintiff is not proceeding *in forma pauperis* and is not a seaman. Therefore, the Court has the discretion to determine whether service by the United States Marshals Service is appropriate. *See* Fed. R. Civ. P. 4(c)(3).

In exercising this discretion, the Court notes that Plaintiff is not incarcerated, and there is no indication that a law enforcement presence is necessary to keep the peace in serving Defendants. Moreover, Plaintiff has not demonstrated to the Court's satisfaction that he is unable to serve the Defendants with the Complaint and Summons through other authorized means. *See Bax*, 216 F.R.D. at 4. Plaintiff claims his former counsel informed him that Defendants' counsel accepted service for

//

//

1    Defendants, but he has been unable to verify whether that is true. (Mot. 5:5–8.)[1] The

2    solution, then, is for Plaintiff to attempt service as authorized by Federal Rule of Civil

3    Procedure 4. If service is successful, he will be able to prove that Defendants were

4    served by filing the server's affidavits with the Court. *See* Fed. R. Civ. P. 4(*l*)(1). A

5    server's affidavit is also known as a "proof of service." Plaintiff may wish to seek the

6    assistance of a professional process server to assist him, although service can be

7    accomplished by anyone who is at least eighteen years old and not a party to this

8    action.

9          If Plaintiff is able to demonstrate that he is unable to serve Defendants through

10   other authorized means, then he may refile his motion for service by the United States

11   Marshals Service. *See, e.g.*, *Bax*, 216 F.R.D. at 4; *Jones v. Goodman*, No. Civ. A. 91-

12   7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992).

13

14   **II.    COSTS OF SERVICE**

15         Plaintiff also seeks an order requiring Defendants to pay the costs of service.

16   Federal Rule of Civil Procedure 4(d) provides plaintiffs with a procedure for asking

17   defendants to waive formal service of process and imposing on them the "duty to

18   avoid unnecessary expenses of serving the summons." If a defendant located in the

19   United States receives an adequate notice of the action and request for waiver of

20   service but fails, without good cause, to sign and return the waiver, then "the court

21   must impose on the defendant: (A) the expenses later incurred in making service; and

22   (B) the reasonable expenses, including attorney's fees, of any motion required to

23   collect those service expenses." Fed. R. Civ. P. 4(d)(2).

24         Here, the Court denies Plaintiff's request for costs of service for several

25   reasons. First, Defendant City of Oceanside is exempt from the waiver process

26

27   ───────────────

[1] Plaintiff also claims he "was present when the matter was videotaped when the Defendants were

28   served with the Summons, Complaint, Waivers, and a SASE." (Mot. 4:24–25.) This statement
     appears to conflict with the remainder of Plaintiff's motion. If true, Plaintiff need only file server's
     affidavits with the Court demonstrating that Defendants were properly served.

because it is not an "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." *See* Fed. R. Civ. P. 4(d)(1). Rather, the City must be served under Rule 4(j)(2). *See id.* 4(J)(2). Thus, Plaintiff cannot use Rule 4(d)(2) to recover the costs of serving the City.

Second, Plaintiff's request for costs of service for serving the remaining Defendants is premature. Because these Defendants are individual police officers who are sued in both their individual and official capacities, they are subject to Rule 4(d). *See* Fed. R. Civ. P. 4(d); *accord Whatley v. District of Colombia*, 188 F.R.D. 1, 2 (D.D.C. 1999) (concluding municipal corporation employees sued in their individual and official capacities are subject to Rule 4(d)). However, Plaintiff has not demonstrated that these Defendants have been sent an adequate notice of this action and request to waive service. *See* Fed. R. Civ. P. 4(d)(1). Similarly, Plaintiff has not shown that thirty days have elapsed since the request was sent, *see id.* 4(d)(F), or that Plaintiff has since incurred expenses to accomplish service on these Defendants, *see id.* 4(d)(2). His request as to these Defendants is therefore premature. Consequently, the Court denies Plaintiff's request.

## III.    CONCLUSION

In light of the foregoing, the Court denies Plaintiff's motion for service by the United States Marshals Service and for costs of service (ECF No. 29).

**IT IS SO ORDERED.**

**DATED: July 1, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**